**IT IS ORDERED as set forth below:**

**Date: March 4, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| WILLIAM TOBY LINGERFELT, | : | BANKRUPTCY CASE |
| | : | 16-70626-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | ADVERSARY PROCEEDING |
| DAN KRYSZCZUK AND SUSAN | : | NO. 17-05035-LRC |
| KRYSZCZUK, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM TOBY LINGERFELT, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## ORDER DIRECTING THE PARTIES TO MEET AND CONFER AND AWARDING PLAINTIFFS ATTORNEY'S FEES

Before the Court is Plaintiffs' Motion for Discovery Sanctions Against Defendant (the "Motion"). (Doc. 13.) Pursuant to BLR 7007-1(c), Defendant had fourteen days to respond to the Motion, and his failure to do so indicates that the Motion is unopposed. For the following reasons, the Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

### 1. Factual Background

The facts of this case surround the home repair services Defendant William Toby Lingerfelt provided Plaintiffs Dan and Susan Kryszczuk beginning in 2015. (Complaint, Case No. 16 – A – 1058 – 6, Doc. 1-1 at 2.) Plaintiffs allege that Defendant made several fraudulent statements to convince Plaintiffs to spend thousands of dollars on unnecessary home repairs. (*Id.* at 5-6.) Moreover, the home repair services that Defendant provided fell below professional standards. (*Id.*)

Plaintiffs filed suit in the Cobb County State Court on April 19, 2016 (the "State Action"). However, on November 16, 2016, Defendant filed Chapter 7 bankruptcy and the State Action was stayed. Case No. 16-70626. On February 10, 2017, Plaintiffs initiated this action for an entry of judgment against Defendant and a determination that such a judgment is nondischargeable pursuant to 11 U.S.C. §§ 532(a)(2), (4), and (6).

After discovery began, Plaintiffs filed a notice of intent to take Defendant's deposition on June 27, 2017, at 10:00 AM. (Notice to Take Deposition of William Toby Lingerfelt, Doc. 7.) Yet on June 21, 2017, Defendant's attorney, Robert Chambers, notified Plaintiffs that he had a conflict, and the deposition was rescheduled to July 6, 2017.

(Ex. B, Doc. 13-1, at 6.) That deposition was also rescheduled, however, because Defendant had a doctor's appointment. (Ex. C, Doc. 13-1, at 8.) Mr. Chambers proceeded to cancel four additional depositions over the next eight months due to conflicts with his calendar. (Exs. E-M, Doc. 13-1, at 14-47.) The parties finally agreed that the deposition would take place on March 15, 2018, a date that apparently worked for all parties and attorneys. (Exs. N-O, Doc. 13-1, at 53, 62-63.) Yet on March 14, 2018, at 4:00 PM, Mr. Chambers called Plaintiffs' attorney to inform him that the deposition needed to be rescheduled because Defendant was in California. (Myers Aff. ¶ 10, Doc. 13-1, at 76.) Plaintiffs' attorney refused to reschedule and insisted that the deposition proceed as scheduled. When Defendant failed to appear for his deposition, Plaintiffs certified his non-appearance and filed the present motion. (Ex. P, Doc. 13-1, at 66.)

## II. ANALYSIS

Plaintiffs ask the Court to strike Defendant's answer, enter default judgment, and require Defendant and Mr. Chambers to pay Plaintiffs' attorney's fees and expenses due to Defendant's non-appearance.

Under Federal Rule of Bankruptcy Procedure 7037(d), which makes Federal Rule of Civil Procedure 37 applicable in adversary proceedings, the Court may impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." In addition to monetary fees, sanctions may include "striking the pleadings in whole or in part," or "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(d)(3), 37(b)(2)(A)(iii), (vi). To determine an appropriate sanction, the court

3

must consider the nature and degree of the disobedient party's conduct and the prejudice done to the moving party. *In re Patterson*, 2017 WL 3264006, at *3 (Bankr. N.D. Ga. July 31, 2017) (Bonapfel, J.) (finding entry of default appropriate when the debtor failed to appear at a deposition despite the court's order). Because striking the pleadings and entering default judgment is a sanction of "last resort," a court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing *Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1543 (11th Cir.1993)).

Given the finality of striking Defendant's answer and entering default judgment, the Court will give Defendant one last opportunity to cooperate with Plaintiffs' discovery efforts. In that vein, the parties will meet and confer to reschedule Defendant's deposition. Defendant's attendance at the scheduled deposition is mandatory and his failure to appear may result in the Court's striking his answer and entering default judgment.

Turning to Plaintiffs' request for expenses and reasonable attorney's fees, Rule 37(d) provides that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). In the instant case, Defendant and Mr.

4

Chambers have failed to offer any explanation for their absence. Accordingly, an award of attorney's fees and expenses is appropriate.

Plaintiffs allege that they incurred $4,000.50 in attorney's fees and costs. Plaintiffs filed the affidavit of their counsel, Albert M. Myers, in support of the Motion. (Myers Aff. at 72.) Mr. Myers reports that the amount requested is comprised of a $200 court reporter fee, 2.61 hours spent preparing for the deposition and 11.21 hours drafting the present Motion at an hourly rate of $275. The Court finds that the hours billed and the hourly rate are reasonable.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion is GRANTED in part and DENIED in part. It is

ORDERED AND NOTICE IS HEREBY GIVEN that the parties shall meet and confer to schedule a date for Defendant's deposition within fourteen days after this Order is entered. If it does not occur, or if the deposition does not proceed due to the Defendant or Mr. Chamber's failure to appear, Plaintiffs may file an affidavit and the Court may then strike Defendant's answer and enter default judgment against him.

### [END OF DOCUMENT]

**DISTRIBUTION LIST**

Robert A. Chambers
Law Office of Robert A. Chambers
Suite 103
6488 Spring Street
Douglasville, GA 30134

Richard Evins
The Evins Law Firm, LLC
345 Creekstone Ridge
Woodstock, GA 30188

Albert M. Myers
The Evins Law Firm, LLC
345 Creekstone Ridge
Woodstock, GA 30188

William Toby Lingerfelt
2352 Shire Court
Austell, GA 30106