**IT IS ORDERED as set forth below:**



Date: January 20, 2022

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| WILLIAM TOBY LINGERFELT, | : | BANKRUPTCY CASE |
| Debtor. | : | 16-70626-LRC |
| _____ | : | |
| | : | ADVERSARY PROCEEDING |
| DAN KRYSZCZUK AND SUSAN | : | NO. 17-05035-LRC |
| KRYSZCZUK, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| WILLIAM TOBY LINGERFELT, | : | BANKRUPTCY CODE |
| Defendant. | : | |

### ORDER

This matter comes before the Court on *Renewed Request For Entry of Default Judgment and For An Award of Attorney's Fees and Expenses* against William Toby Lingerfelt ("Debtor") (Doc. 28) (the "Motion"). The Court now takes up Plaintiffs' request for entry of default judgment and renewed request for additional attorney's fees. Debtor has not responded to Plaintiffs' request.

I.   Background

After Debtor filed Chapter 7 bankruptcy on November 16, 2016 (the "Petition Date"), Plaintiffs filed their complaint (Doc. 1) (the "Complaint") seeking a judgment against Debtor and a determination that such a judgment is nondischargeable pursuant to 11 U.S.C. §§ 532(a)(2), (4), and (6).  On August 27, 2021, the Court entered an order striking Defendant's answer for his failure to obey an order regarding discovery.  (Doc. 25) (the "Order").  Therefore, Defendant is deemed to have failed to answer allegations in the Complaint, and all material facts in the Complaint are deemed admitted.  FED. R. BANKR. P. 7008; FED. R. CIV. P. 8(b)(6); *see also In re Heard*, 2010 Bankr. LEXIS 2556, 2010 WL 3397458, at *1 (Bankr. N.D. Ga. June 2, 2010) (Diehl, J.).

Plaintiffs allege that, prior to the Petition Date, Debtor provided home improvement services and materials to Plaintiffs "under the guise" of a residential contractor service operating as "Home Solutions." (Complaint at ¶ 6).  Such entity was not registered with the State of Georgia. *Id*.  Plaintiffs paid Debtor approximately $71,902.64 for Debtor's services and materials in connection with various jobs, including $15,420 in advance for work that was never performed. (*Id*., Ex. A at ¶ 4).  In one such job, Plaintiffs hired Debtor to perform mold remediation in response to Debtor's warning that, if they did not hire him, he would have to report the mold to regulatory authorities as was required by the terms of his license, one that he did not actually possess.  (*Id*. at ¶ 7(g)).

Prior to the Petition Date, Plaintiffs filed a civil action in the State Court of Cobb County, Georgia, (Case No. 16-A-1058-6) (the "State Court Action") which sought to hold Debtor and one other individual jointly and severally liable for claims based on fraud and misrepresentation.  Here, Plaintiffs pray for a nondischargeable judgment that includes "an amount to be determined [in the

2

State Court Action] trial, plus pre-judgment interest, costs, and attorneys' fees." (*Id*. at 6). For the reasons outlined below, the Court finds that entry of default judgment is appropriate.

II.     Discussion

To grant default judgment, the Court must determine that Plaintiffs' allegations of material fact can serve as sufficient basis for entry of a judgment. *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Among other subsections under § 523, Plaintiffs pray for relief pursuant to 11 U.S.C. § 523(a)(2), claiming that Debtor incurred the debt owed to Plaintiffs through, among other alleged bad acts, false pretenses and fraud. (Complaint at ¶ 6). The Court finds that Plaintiffs plead sufficient allegations to support a finding of nondischargability pursuant to § 523(a)(2)(A).[1]

Section 523(a)(2)(A) excepts from discharge those debts obtained through "false pretenses, a false representation, or actual fraud." Under this subsection, "false pretenses" is a concept to be understood "especially broad[ly]." *In re Wood*, 245 F'. App'x 916, 918 (11th Cir. 2007) (quoting *In re Gilmore*, 221 B.R. 864, 872 (Bankr. N.D. Ala. 1998)). Such concept "'is a series of events… when considered collectively, [that] create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongfully induced by a debtor to transfer property or extend credit to the debtor.'" *Id*.

To succeed under § 523(a)(2)(A), a creditor must establish by a preponderance of the evidence that: "(1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation." *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998); *see*

---

[1] Because the Court finds the debt is nondischargeable under § 523(a)(2), the Court need not consider any other subsection.

3

*also In re Vann*, 67 F.3d 277, 279-84 (11th Cir. 1995). A court may look to the "totality of the circumstances… to infer whether a debtor submitted a statement with intent to deceive." *In re Miller*, 39 F.3d 301, 305 (11th Cir. 1994). As to the first element's requirement regarding false representation, "silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under § 523(a)(2)(A)." *In re Brandon,* 297 B.R. 308, 313 (Bankr. S. D. Ga. 2002) (internal citations omitted).

Plaintiff alleges that Debtor, operating under the unregistered service company "Home Solutions," represented himself as a licensed residential contractor "with the intent to deceive Plaintiffs into paying Debtor for purported repairs and improvements that, at best, were incompetent and unworkmanlike and, at worst, were unnecessary or… never actually performed[]." (Complaint at ¶ 6). This fact has been deemed admitted. Further, the Court can infer Debtor's intent from the circumstances alleged, including that Debtor told Plaintiffs that his license – one that he did not have – required that he report mold he purportedly detected in Plaintiffs' residence to regulatory authorities unless Plaintiffs hired Debtor to perform mold remediation. (*Id*. at ¶ 7(g)). Plaintiffs have provided sufficient facts to support the conclusion that Debtor made the statements and omissions he did regarding his licensure with intent to deceive.

Justifiable reliance is a standard that "represents a compromise between the rigid reasonableness standard and the lenient actual reliance standard." *In re Vann*, 67 F. 2d at 281. "To constitute justifiable reliance, '[t]he plaintiff's conduct must not be so utterly unreasonable, in the light of the information apparent to him, that the law may properly say that his loss is his own responsibility.'" *Id*. at 283 (quoting W. Page Keeton, *Prosser & Keeton on Torts* § 108, at 749 (5th Ed. 1984)). Such standard is subjective, "gauged by 'an individual standard of the plaintiff's

4

own capacity and knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case.'" *Id*. (emphasis omitted).

Admitted facts support Plaintiffs' contention that they relied on Debtor's misrepresentations. Indeed, Plaintiffs hired Debtor to perform various construction jobs at their home, providing Debtor with $71,902.64 for services and materials. (Complaint, Ex. A at ¶ 4). In his role as purported professional, Debtor suggested additional and "necessary" projects – like the aforementioned mold project – with the apparent purpose to drive up costs. (*Id*. at ¶ 10). Plaintiffs paid for certain projects that were never completed, including $10,700 for the building of a patio, $3,000 for fence-staining, and $1,720 for replacement of a furnace that Debtor represented to Plaintiffs had been replaced but was not. (*Id*. at ¶ 11). Nothing in the facts suggests that Plaintiffs should have doubted Debtor's representation as a professional contractor. Considering the circumstances and their position as consumers in contract with someone who presented himself as a licensed professional in the field, Plaintiffs' reliance was justifiable.

Finally, the facts of the Complaint establish that Plaintiffs have suffered loss as a result of Debtor's misrepresentation. Plaintiffs contend in their State Court Complaint that they have suffered no less than $48,702.32 in damages in hiring the unlicensed Debtor. (Complaint, Ex. A at ¶ 16). This amount includes "(a) $34,999.68 to finish and remediate [Debtor's] prior work; (b) $11,482.64 in overcharges for [a] master bathroom project; (c) recovery of $1,720 for furnace replacement; and (d) $500 to finish garage door replacement." Thus, the Complaint establishes that the entry of default judgment declaring the debt owed by Debtor to Plaintiffs nondischargeable is appropriate.

    III.    <u>Attorney's Fees</u>

5

In the Motion, Plaintiffs also seek an award of $21,552.37 in attorneys' fees and expenses incurred in this matter. Previously, in the Order, the Court denied Plaintiffs' request for these fees because it could not determine whether such fees were reasonable. On October 15, 2021, Plaintiffs' counsel filed an affidavit specifically addressing the Court's concern. (Doc. 27) (the "Affidavit"). The Affidavit provides a detailed accounting of the accrued $17,551.87 in attorneys' fees and necessary expenses. According to the Affidavit, the $935.87 in expenses consist of court reporters' fees, costs of deposition transcripts and certificates of non-appearance, and document purchase fees. This $21,552.37 total amount of fees reflects approximately 62.2 hours of attorney work and accounts for the $4,000.50 amount previously awarded pursuant to the Court's March 4, 2019, order. With this supplemental information, the Court is satisfied that the request is reasonable.

IV.    Conclusion

For the reasons stated above,

**IT IS ORDERED** that the debt owed by Debtor to Plaintiffs arising from the underlying State Court action, Case No. 16-A-1058-6 in the State Court of Cobb County, Georgia, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A);

**IT IS FURTHER ORDERED** that Plaintiffs are awarded their attorneys' fees and expenses incurred in this matter in the total amount of $21,552.37;

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment simultaneously with the entry of this Order.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**

Robert A. Chambers
Law Office of Robert A. Chambers
Suite 103
6488 Spring Street
Douglasville, GA 30134

Richard Evins
The Evins Law Firm, LLC
345 Creekstone Ridge
Woodstock, GA 30188

Albert M. Myers
The Evins Law Firm, LLC
345 Creekstone Ridge
Woodstock, GA 30188

William Toby Lingerfelt
2352 Shire Court
Austell, GA 30106